IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEALER VSC, LTD.,**

    **Plaintiff,**

v.

**TRICOR AUTOMOTIVE GROUP-US-INC.**, *et al.*,

    **Defendants.**

Case No. 2:21-cv-3880

Judge Sarah D. Morrison

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Joint Motion to Stay Discovery (ECF No. 19) filed by Defendants Tricor Automotive Group-US-Inc. ("Tricor") and Allegiance Administrators, LLC ("Allegiance") (collectively, "Defendants"), Plaintiff Dealer VSC, Ltd.'s ("Dealer") Response (ECF No. 20), and Defendants' Reply (ECF No. 21).  Also before the Court are Plaintiff's Motion for Leave to File a Surreply (ECF No. 22) and Defendants' Response in Opposition (ECF No. 23).  For the following reasons, Defendants' Motion to Stay Discovery is **DENIED**.  The Motion for Leave to File a Surreply is **DENIED as moot.**

I.

Briefly, Plaintiff filed this action on June 29, 2021 (Verified Complaint, ECF No. 1), alleging the following.  The events relevant to the Complaint occurred on June 21, 2021. (*Id*. at ¶¶ 1-4.)  Prior to these events, Defendant Tricor and Plaintiff had been the two members of Defendant Allegiance. (*Id*. at ¶ 21.)  On May 11, 2021, Tricor invoked the "Shotgun Clause" in

1

Allegiance's Operating Agreement by making a written offer (the "Shotgun Offer") to purchase Plaintiff's membership units ("Units") in Allegiance. (*Id*. at ¶¶ 24, 25.) In response, the Shotgun Clause permitted Plaintiff to counter with its own offer to purchase Tricor's Units in Allegiance. (*Id*. at ¶ 23.) On June 18, 2021, Plaintiff timely responded to Tricor's Shotgun Offer and elected to purchase Tricor's Units. (*Id*. at ¶ 29].) Despite the Shotgun Clause's requirement that Tricor was deemed to accept Plaintiff's counter-offer to buy Tricor's Units, Tricor wrongly deemed Plaintiff's counter-offer to buy Tricor's Units as an acceptance to sell Plaintiff's own Units to Tricor. (*Id.* at ¶¶ 31-32.) Plaintiff asserts claims for specific performance, conversion, Tricor's breach of fiduciary duty of good faith and fair dealing or, alternatively, its breach of the Shotgun Clause, replevin, constructive trust, and declaratory judgment. (*Id.* at ¶¶ 38-84.)

By way of additional background, the current action is not the first filed in this Court involving these parties. On January 28, 2020, Plaintiff, and its sole member Haytham ElZayn, filed suit against multiple defendants, including Tricor and Allegiance. *See ElZayn, et al. v. Campbell*, et al., Case No. 2:20-cv-00493, arising, in part, out of a Goodwill Agreement executed between Mr. ElZayn and Allegiance. On March 11, 2020, the Court dismissed that action without prejudice for lack of subject matter jurisdiction, concluding that there was no diversity of citizenship among Dealer, Tricor, and Allegiance. (*See* Case No. 2:20-cv-00493 at ECF No. 20.) Further, disputes between these parties are the subject of two additional lawsuits filed in May 2020 in two separate forums. One, *Dealer VSC Ltd., et al. v. Tricor Automotive Group – US – Inc.*, et al., Case No. 20-cv-002998, was filed in the Franklin County, Ohio, Court of Common Pleas and the other, *Tricor Automotive Group v. Dealer VSC, Ltd., Haytham ElZayn, and Allegiance Administrators, LLC*, Case No. 29C01-2005-PL-332, was filed in the Hamilton County, Indiana, Circuit Court.

Defendants assert that a stay is necessary because they have filed motions to dismiss addressed to threshold issues of subject matter jurisdiction and abstention. Further, they contend that discovery will be burdensome and duplicative of that undertaken in the other proceedings. Finally, they contend that Plaintiff will not be prejudiced by any delay in discovery.

In response, Plaintiff argues that courts typically find pending dispositive motions to be an insufficient basis for staying discovery and this case presents no circumstances for exception. Further, Plaintiff argues that a stay will not alleviate Defendants' discovery burden and likely will only serve to delay a resolution of the issues presented by this case. According to Plaintiff, because its current claims relate to events occurring on June 21, 2021, the discovery sought here is unrelated to the discovery sought in any state court proceeding.

In reply, Defendants argue that the burden they face here is undue as a result of Plaintiff's evident forum shopping. Additionally, Defendants explain that "the parties are currently expending an incredible amount of resources on discovery in the Ohio state court matter," including "more than one hundred written discovery requests," "several depositions" and "multiple additional depositions of Defendants' employees [scheduled] in the next few weeks." Finally, Defendants assert that Plaintiff's counsel has not limited the scope of deposition questions to the issues pending before the Ohio state court but has delved into "a wide range of topics." (ECF No. 21 at 4-5.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court,

3

however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v.*

*Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered."  *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Applying the above factors, the Court concludes that Defendants have not demonstrated that a stay of discovery is justified here.  This case does not present a question of immunity; nor is the Complaint obviously frivolous such that the Court could conclude that the motions to dismiss are likely to be granted.  Rather, as noted, Defendants argue that discovery should be stayed for two reasons: (1) their motions to dismiss are addressed to threshold issues of subject matter jurisdiction or abstention and (2) the request is burdensome given the history of litigation in this Court and the related litigation underway in two additional forums, particularly the Ohio state court action. Despite these circumstances, Defendants' arguments are not well-taken.

Initially, that Defendants' motions to dismiss turn on threshold issues does not necessarily weigh in favor of granting a stay. Rather, as the parties acknowledge, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay. *See e.g.*, *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable").  Without expressing any opinion as to the merits of the Defendants' dispositive motions, a cursory review of the parties' briefing reveals that the issues are fairly debatable.  Cases cited by Defendants, including *Ohio Power Co. v. Frontier N., Inc.*, No. 2:14-cv-341, 2014 WL 12586318 (S.D. Ohio Oct. 30, 2014), *Novel v.*

5

*Lowe*, 2014 WL 559088 (S.D. Ohio Feb. 11, 2014) and *CareToLive. v. von Eschenbach*, No. 2:07-CV-729, 2007 WL 3232454 (S.D. Ohio Nov. 1, 2007) do not alter this analysis. For example, In *Ohio Power,* this Court found that the "highly technical nature of the issues in dispute," which were within the jurisdiction of PUCO and likely would lead to costly and time-consuming discovery, weighed in favor of a stay. *Novel*, involving a *pro se* plaintiff, is readily distinguishable in terms of the debate reflected in the parties' arguments. Further, *CaretoLive* involved claims brought under the Administrative Procedures Act and a qualified immunity defense had been asserted. In short, contrary to Defendants' characterization that these cases represent the routine granting of stays of discovery, they more accurately are circumstance-limited departures from the general preference that discovery proceed.

Further, Defendants have not demonstrated that discovery will be overly burdensome in this case. To be sure, Defendants question the motives underlying Plaintiff's litigation efforts. Further, they contend that discovery in this matter will likely be duplicative of the allegedly extensive discovery undertaken in the Ohio state action. The Court is not at all unmindful of Defendants' concerns here. But, this argument, to the extent it is directed to anticipated discovery, relies largely on speculation. (*See* ECF 19 at 4; ECF No. 21 at 5.) For example, it assumes that, absent a stay, during the pendency of the dispositive motions, depositions will be undertaken and experts will need to be retained.

More concretely, Defendants also object to the initial discovery requests Plaintiff served in advance of the preliminary pretrial conference which they contend are wholly merits-based with "no bearing on the pending dispositive motions." (ECF Nos. 19 at 4; 19-1.) As explained below, the merits-based nature of the discovery requests is not determinative here. Further, to the extent this objection may rely on Defendants' implication that discovery in the Ohio action

6

has been overly broad, this Court has no control over those proceedings. Moreover, and significantly, for purposes of the current action, the Federal Rules of Civil Procedure provide other options for addressing Defendants' concerns short of a complete stay.

Further, even if Defendants' motions to dismiss on jurisdictional or abstention grounds are successful, the particular claims asserted in the current Complaint will remain and will proceed somewhere or at some point. Accordingly, a stay of merits-based discovery under this circumstance would "not really save ... any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any other court" where the claims may be pursued. *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *3 (S.D. Ohio May 20, 2019) (citing *Charvat v. NMP, LLC*, 2:09-cv-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009)). In this regard, the scenario here does not differ significantly from that in *Seattle House LLC v. City of Delaware, Ohio*, No. 2:20-cv-03284, 2020 WL 7253309 (S.D. Ohio Dec. 10, 2020) or *DSM Desotech, Inc. v. Momentive Specialty Chem., Inc.*, No, 2:15-cv-70, 2015 WL 7450893 (S.D. Ohio Nov. 24, 2015), where the Court found this factor to weigh against a stay.

Notably, Defendants do little to meaningfully demonstrate that a stay of discovery will be of no consequence to Plaintiff. Of course, Defendants cite the early stage of this case and their agreement to a reasonable case schedule that contemplates a stay of discovery. Further, they suggest that Plaintiff either has or may obtain discovery relevant here through the other proceedings. (*See, e.g.*, ECF No. 21 at 5 "… Plaintiff's counsel has not limited the scope of his deposition questions to the issues that are currently pending before the Ohio state court, instead inquiring into a wide range of topics including those that are not expressly detailed in the operative pleadings in the state court action.") However, even assuming these

7

circumstances to be accurate, when balanced against the above, they do not support the Court's exercise of discretion in favor of a stay here.

## IV.

For the foregoing reasons, the Court finds that Defendants have not carried their burden to show that a stay of discovery is warranted. The Court, therefore, exercises its discretion to conclude that a stay of discovery is not appropriate in this case. Accordingly, the Motion to Stay Discovery is **DENIED**. (ECF No. 19.) The Motion for Leave to File a Surreply (ECF No. 22) is **DENIED as moot.** Defendants are **ORDERED** to respond to Plaintiff's outstanding discovery requests by **FEBRUARY 18, 2022**, unless the parties agree to a different date. The Court will reconvene the parties to establish a pretrial schedule.

**IT IS SO ORDERED.**

Date:  January 21, 2022        /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE